UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHAYLA TABITHA MCALLISTER,<br><br>             Plaintiff<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>             Defendant.<br>_____/ | Civil Action No.: 19-13587<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION ON CROSS-**
**MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 14, 16]**

Plaintiff Shayla Tabitha McAllister appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her application for supplemental security income (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(C). The Court **RECOMMENDS** that:

- McAllister's motion [ECF No. 14] be **DENIED**;
- the Commissioner's motion [ECF No. 16] be **GRANTED**; and
- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I. **BACKGROUND**

A. **Background and Disability Application**

Born November 20, 1995, McAllister was 21 years old on the date of application, December 6, 2016. [ECF No. 11-2, PageID.44, 53]. She has no past relevant work. [*Id.*, PageID.53]. McAllister claimed disability from PTSD, anxiety, depression, and impulsive outburst disorder. [ECF No. 11-3, PageID.92].

After a hearing in July 2018, during which McAllister and a vocational expert (VE) testified, the ALJ found her not disabled. [ECF No. 11-2, PageID.60-90]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.*, PageID.33-35]. McAllister timely filed for judicial review. [ECF No. 1].

B. **The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial

2

gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id*. Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education, and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that McAllister was not disabled. At the first step, she found that McAllister had not engaged in substantial gainful activity from her application date. [ECF No. 11-2,

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 920(c).

3

PageID.46].  At the second step, she found that McAllister had the severe impairments of "major depressive disorder, anxiety disorder, post traumatic stress disorder, obesity and mild degenerative disc disease of the lumbar spine." [*Id.*].  She found that McAllister's history of resolved left fibula fracture was not a severe impairment.  [*Id.*].  Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment.  [*Id.*, PageID.47-50].

Between the third and fourth steps, the ALJ found that McAllister had the RFC to perform medium work, but "limited to only simple tasks in a routine work setting, but not at a production rate pace, for example, no assembly line work.  She is limited to occasional interaction with supervisors, coworkers and the general public." [*Id.*, PageID.50].  At step four, the ALJ found that McAllister had no past relevant work.  [*Id.*, PageID.53].  At the final step, after considering McAllister's age, education, work experience, RFC, and the testimony of the VE, the ALJ concluded that McAllister could perform jobs that existed in significant numbers in the national economy, including cleaner, warehouse worker, and linen room attendant.  [*Id.*, PageID.54].

## II.    ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

McAllister argues that the ALJ erred at step three by finding that she did not meet a listing. [ECF No. 14]. McAllister's arguments lack merit and the ALJ's decision should be affirmed.

### A.

McAllister argues that she has been diagnosed with moderate to severe major depressive disorder, generalized anxiety disorder, panic disorder, agoraphobia, social anxiety disorder, and PTSD with dissociative symptoms. [ECF No. 14, PageID.490-495]. She asserts that the ALJ erred

5

by finding that her mental impairments did not meet Listings 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive orders), or 12.15 (trauma and stressor-related disorders). [ECF No. 14, PageID.490-495]. "When a claimant alleges that [s]he meets or equals a listed impairment, [she] must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment." *Thacker* v. *Soc. Sec. Admin.*, 93 F. App'x 725, 728 (6th Cir. 2004). "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Smith–Johnson v. Comm'r of Soc. Sec.,* 579 F. App'x 426, 433 (6th Cir. 2014)*.*

As noted by the ALJ, Listings 12.04,12.06, and 12.15 require assessment of "paragraph B criteria."[2] [ECF No. 11-2, PageID.48]. The ALJ explained:

> To satisfy the 'paragraph B' criteria, the mental impairments must result in at least one extreme or two marked limitations in a broad area of functioning which are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing themselves. A marked limitation means functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited. An extreme limitation is the inability to function independently, appropriately or effectively, and on a sustained basis.

---

[2] 20 C.F.R. pt. 404, Subpt. P, App. 1, Listings 12.04, 12.06, 12.15

[*Id.*].

In her motion, McAllister does not assess the medical evidence against the paragraph B criteria. She asserts that the ALJ failed to address the causes of her mental impairments, [ECF No. 14, PageID.490], but the causes of her impairments are irrelevant to whether she meets the paragraph B criteria. McAllister cites some records that corroborate her diagnoses of mental impairments. [ECF No. 14, PageID.491-492; ECF No. 11-7, PageID.252-265, 282-285]. But a diagnosis alone does not dictate a finding of disability. *Higgs v. Bowen*, 880 F.2d 860,863 (6th Cir. 1988).

Most of McAllister's argument rests on her own testimony. [ECF No. 14, PageID.490-495]. Though she declares that "the medical records clearly establish severe limitations in her ability to engage in substantial activities that are required for work," she does not specify the portions of the medical records that support that conclusion. [ECF No. 14, PageID.494].

Courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argument[.]'" *ECIMOS, LLC v. Nortek Global HVAC,* LLC, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v.* Kelsey, 125 F.3d 989, 995 (6th Cir. 1997). "Judges are not like pigs, hunting for truffles that might

7

be buried in the record." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n. 1 (6th Cir. 2019) (citation and internal quotations omitted).  Because McAllister failed to assess the record evidence against the listings' criteria, her listings argument is waived.

McAllister also fails to address the ALJ's paragraph B analysis or why it was inadequate.  "[W]hen considering presumptive disability at Step Three, an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his or her findings and conclusions in order to facilitate meaningful review." *Grandstaff v. Comm'r of Soc. Sec.*, 2017 WL 4251734, at *5 (E.D. Mich. Sept. 26, 2017).  The ALJ complied with this requirement when considering whether McAllister's mental impairments met or medically equaled Listings 12.04, 12.06, and 12.15.  [ECF No. 11-2, PageID.48-49].

The ALJ noted that McAllister said during the hearing and in her disability function report that she could follow written instructions well but had difficulty with spoken instructions; that she needed to be accompanied when leaving home and had problems getting along with friends, family, and neighbors; that she could pay attention for ten minutes and usually finish what she started; that she had difficulty with stress and changes in routine; and that she was independent with personal care.  [ECF No. 11-2,

8

PageID.48-49; ECF No. 11-6, PageID.211-216]. Under the criteria of Paragraph B of the Listings, the ALJ assessed McAllister's abilities to "understand, remember and apply information" and "adapt and manage oneself" as mildly impaired, and her abilities to "interact with others" and "concentrate, persist or maintain pace," to be moderately limited. [ECF No. 11-2, PageID.48-49]. Because McAllister had no marked limitation, the ALJ found that her mental impairments did not meet a listing. [*Id.*].[3]

Rather than presenting evidence to show that she satisfies the criteria for any listing, McAllister's motion "is a request to reweigh the evidence, which this Court cannot do. The ALJ's Step Three findings should be affirmed." *Lanthron v. Comm'r of Soc. Sec.*, No. 3:18 CV 0689, 2019 WL 1258785, at *5 (N.D. Ohio Jan. 31, 2019), *adopted*, 2019 WL 5729826 (N.D. Ohio Nov. 5, 2019).

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that McAllister's motion [ECF No. 14] be **DENIED**; that the Commissioner's motion [ECF No. 16] be **GRANTED**; and that the ALJ's decision be **AFFIRMED.**

---

[3] The ALJ also considered Paragraph C of the Listings at issue, finding the evidence also failed to establish that criteria. [ECF No. 11-2, PageID.49].

9

|  |  |
|---|---|
| Dated: February 1, 2021 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2021.

>s/Marlena Williams
>MARLENA WILLIAMS
>Case Manager